IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.           ) | Criminal No. 20-118 |
| ) | Judge Nora Barry Fischer |
| WILLIAM JACKSON,   ) | |
| ) | |
| Defendant.      ) | |

### MEMORANDUM OPINION

I. INTRODUCTION

In this case, Defendant William Jackson is charged with three violations of 18 U.S.C. § 875(c) for allegedly transmitting threats in interstate commerce via phone calls or a text message, on or about August 2, 2019. (Docket No. 1). Presently before the Court are Defendant's motion to dismiss the Indictment and the Government's opposition thereto. (Docket Nos. 48; 49; 55; 63; 65). Defendant maintains that Section 875(c) is unconstitutional as applied to the facts of this case, and that the Indictment fails to specify how his threat was transmitted in interstate commerce. (Docket Nos. 48; 49; 63). The Government counters that an "as-applied" constitutional challenge is not properly raised in a pretrial motion to dismiss, and that the Indictment need not plead specific facts in relation to the interstate commerce element of the offense. (Docket Nos. 55; 65). After careful consideration of the parties' positions, and for the following reasons, Defendant's Motion [48] is denied.

II. BACKGROUND

   a. *Charges in the Indictment*

On June 9, 2020, a grand jury returned a three-count indictment against the Defendant, charging him at each count with violating 18 U.S.C. § 875(c). (Docket No. 1). The indictment

1

specifically alleges that:

### Count One

On or about August 2, 2019, in the Western District of Pennsylvania, the defendant, WILLIAM JACKSON, did knowingly and willfully transmit in interstate commerce a communication containing a threat to injure the person of another, that is, the defendant, WILLIAM JACKSON, sent a text message to an individual known to the grand jury stating that he intended to harm the individual.

In violation of Title 18, United States Code, Section 875(c).

### Count Two

On or about August 2, 2019, in the Western District of Pennsylvania, the defendant, WILLIAM JACKSON, did knowingly and willfully transmit in interstate commerce a communication containing a threat to injure the person of another, that is, the defendant, WILLIAM JACKSON, made a telephone call to an individual known to the grand jury and stated that he intended to kill one of the individual's children.

In violation of Title 18, United States Code, Section 875(c).

### Count Three

On or about August 2, 2019, in the Western District of Pennsylvania, the defendant, WILLIAM JACKSON, did knowingly and willfully transmit in interstate commerce a communication containing a threat to injure the person of another, that is, the defendant, WILLIAM JACKSON, made a telephone call to an individual known to the grand jury and stated that he intended to injure the individual's parents.

In violation of Title 18, United States Code, Section 875(c).

(Docket No. 1). Section 875(c) provides that "[w]hoever transmits in interstate or foreign commerce any communication containing any threat to kidnap any person or any threat to injure the person of another, shall be fined under this title or imprisoned not more than five years, or both." 18 U.S.C. § 875(c). The penalties for violating 18 U.S.C. § 875(c) include any or all of

the following: a term of imprisonment of not more than five years; a term of supervised release of not more than three years; a fine of not more than $250,000; and, a mandatory special assessment of $100 at each count. (Docket No. 2).

        *b.  Relevant Procedural History*

Defendant filed his motion to dismiss and brief in support on March 2, 2021. (Docket Nos. 48; 49). After receiving an extension of time, the Government submitted its Response in opposition to Defendant's motion on March 31, 2021. (Docket No. 55). New counsel was appointed to represent Defendant on March 31, 2021[1] and, following another extension, Defendant's Reply was filed on May 5, 2021. (Docket Nos. 53; 54; 57; 58; 63). The briefing concluded with the Government's Sur-Reply on May 19, 2021. (Docket No. 65). As all of the submissions from the parties have been received and considered by the Court, the present motion is ripe for disposition.

III. LEGAL STANDARD

Motions to dismiss are governed by Rule 12 of the Federal Rules of Civil Procedure. Fed. R. Crim. P. 12.  Specifically, Rule 12(b)(3)(B) provides that "at any time while the case is pending, the court may hear a claim that the indictment or information fails to . . . state an offense."  Fed. R. Crim. P. 12(b)(3)(B).  The requirements governing the contents of an indictment are set forth in Rule 7 of the Federal Rules of Criminal Procedure. Pursuant to Rule 7(c)(1), an indictment must "be a plain, concise, and definite written statement of the essential facts constituting the offense charged" and "must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated." Fed. R. Crim. P. 7(c)(1). The purpose of the promulgation of Rule 7 was to abolish detailed

---

[1]     Defendant was initially represented by Ryan James, Esq., though Joseph V. Charlton, Esq. has been appointed as substitute counsel.

pleading requirements and the technicalities previously required in criminal pleading. *See United States v. Huet*, 665 F.3d 588, 594 (3d. Cir. 2012) (citing *United States v. Resendiz-Ponce*, 549 U.S. 102, 110 (2007)); *see also United States v. Bergrin*, 650 F.3d 257, 264 (3d Cir. 2011) (same citation). "Although detailed allegations may have been required under a common law pleading regime, they 'surely are not contemplated by [the Federal Rules].'" *Huet*, 665 F.3d at 594 (quoting *Resendiz-Ponce*, 549 U.S. at 110).

As to the sufficiency of an indictment, the United States Court of Appeals for the Third Circuit has held that:

> [A]n indictment [is] sufficient so long as it '(1) contains the elements of the offense intended to be charged, (2) sufficiently apprises the defendant of what he must be prepared to meet, and (3) allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution.' *United States v. Vitillo*, 490 F.3d 314 (3d Cir. 2007) (internal quotation marks omitted). Moreover, 'no greater specificity than the statutory language is required so long as there is sufficient factual orientation to permit the defendant to prepare his defense and to invoke double jeopardy in the event of a subsequent prosecution.' *United States v. Rankin*, 870 F.2d 109, 112 (3d Cir.1989).

*Bergrin*, 650 F.3d at 264 (quoting *United States v. Kemp*, 500 F.3d 257, 280 (3d Cir. 2007)). "Generally, an indictment will satisfy these requirements where it informs the defendant of the statute he is charged with violating, lists the elements of a violation under the statute, and specifies the time period during which the violations occurred." *Huet*, 665 F.3d at 595 (citing *United States v. Urban*, 404 F.3d 754, 771 (3d Cir. 2005)).

> In determining whether an indictment validly states the elements of the offense, we need not blindly accept a recitation in general terms of the elements of the offense. *United States v. Panarella*, 277 F.3d 678, 685 (3d Cir.2002). "Federal Rule of Criminal Procedure 12(b)(3)(B) allows a district court to review the sufficiency of the government's pleadings to ... ensur[e] that legally deficient charges do not go to a jury." *United States v.*

> *Bergrin*, 650 F.3d 257, 268 (3d Cir.2011).
>
> …
>
> However, the scope of a district court's review at the Rule 12 stage is limited. "[A] pretrial motion to dismiss an indictment is not a permissible vehicle for addressing the sufficiency of the government's evidence." *United States v. DeLaurentis*, 230 F.3d 659, 660 (3d Cir.2000) (citations omitted). "The government is entitled to marshal and present its evidence at trial, and have its sufficiency tested by a motion for acquittal pursuant to Federal Rule of Criminal Procedure 29." *Id.* at 661. There is no criminal corollary to the civil summary judgment mechanism. *Id.* In evaluating a Rule 12 motion to dismiss, a district court must accept as true the factual allegations set forth in the indictment. *United States v. Sampson*, 371 U.S. 75, 78–79, 83 S.Ct. 173, 9 L.Ed.2d 136 (1962); *United States v. Besmajian*, 910 F.2d 1153, 1154 (3d Cir.1990). "Evidentiary questions—such as credibility determinations and the weighing of proof—should not be determined at this stage." *Bergrin*, 650 F.3d at 265 (internal marks and citation omitted). Thus, a district court's review of the facts set forth in the indictment is limited to determining whether, assuming all of those facts as true, a jury could find that the defendant committed the offense for which he was charged. *Panarella*, 277 F.3d at 685; *DeLaurentis*, 230 F.3d at 660.

*Huet*, 665 F.3d at 595-596.

## IV. DISCUSSION

As noted, Defendant is charged with three counts of violating 18 U.S.C. § 875(c), which criminalizes the "transmi[ssion] in interstate or foreign commerce [of] any communication containing any threat to kidnap any person or any threat to injure the person of another." 18 U.S.C. § 875(c).  To obtain a conviction under this statute, "the Government must prove that the defendant 'acted knowingly and willfully' in making the threatening communication and that the communication was 'reasonably perceived as threatening bodily injury.'" *United States v. Voneida*, 337 Fed.App'x 246, 247 (3d Cir. 2009) (quoting *United States v. Himelwright*, 42 F.3d 777, 782 (3d Cir. 1994)).  Defendant lodges two distinct challenges to the requirement that the threat was transmitted in interstate commerce, which the Court will now address in turn.

5

A.  *"As-Applied" Challenge to Interstate Commerce Element*

Defendant first argues that Section 875(c) is unconstitutional as applied to the facts of the present case because both the sender and the recipient of the alleged threats were in Pennsylvania, thus rendering the threats wholly intrastate, despite the fact that the calls and text message were routed through a cellular switch tower in Illinois. (Docket No. 49). The Government counters that this argument is beyond the scope of the Court's review of a Rule 12 motion to dismiss. Having considered the parties' positions, the Court concurs with the Government.

It is well established in the Third Circuit that "the scope of a district court's review at the Rule 12 stage is limited. '[A] pretrial motion to dismiss an indictment is not a permissible vehicle for addressing the sufficiency of the government's evidence.'" *Huet*, 665 F.3d at 595 (quoting *United States v. DeLaurentis*, 230 F.3d 659, 660 (3d Cir.2000)). Further, "[t]he government is entitled to marshal and present its evidence at trial, and have its sufficiency tested by a motion for acquittal pursuant to Federal Rule of Criminal Procedure 29.' There is no criminal corollary to the civil summary judgment mechanism." *Id.* (internal citations omitted). Thus, when considering a motion to dismiss under Rule 12, a court must limit its review to the four corners of the indictment and decide whether the indictment is valid on its face.

Here, Defendant's motion assumes numerous facts which are not contained in the Indictment and cannot be considered on a Rule 12 motion to dismiss. To that end, the Indictment does not identify the recipient of the threats, his or her location upon receiving said threats, or where the calls and text message were routed. (*See* Docket No. 1). As such, Defendant assumes the nature of the evidence that the Government will offer to prove its case at trial and makes an impermissible preemptive challenge to the sufficiency of that evidence. *See Huet*, 665

F.3d at 595. In light of the prevailing standards, the Court must deny Defendant's motion to the extent that he seeks dismissal based upon facts which are not contained within the four corners of the Indictment.

      B.      *Sufficiency of the Allegations*

Defendant next contends that the Indictment fails to state an offense because it contains only a conclusory allegation that Defendant's threat was made "in interstate commerce," without providing specific facts showing the same. He asserts that the interstate commerce element of Section 875(c) goes to the "very core of criminality" in this matter, thus justifying heightened pleading requirements. (Docket No. 63). In opposition, the Government maintains that the indictment sufficiently pleads all of the essential elements of the charged offense consistent with Third Circuit law. The Court once again agrees with the Government's position.

The standards governing the sufficiency of pleadings in the Third Circuit are well-settled, as our jurisprudence holds that "[a]n indictment is facially sufficient if it: (1) contains the elements of the offense intended to be charged, (2) sufficiently apprises the defendant of what he must be prepared to meet, and (3) allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution." *United States v. Gillette*, 738 F.3d 63, 74 (3d Cir. 2013). Likewise, "no greater specificity than the statutory language is required so long as there is sufficient factual orientation to permit the defendant to prepare his defense and to invoke double jeopardy in the event of a subsequent prosecution." *Bergrin*, 650 F.3d at 264 (quoting *United States v. Rankin*, 870 F.2d 109, 112 (3d Cir. 1989)). "Generally, an indictment will satisfy these requirements where it informs the defendant of the statute he is charged with violating, lists the elements of a violation under the statute, and specifies the time period during which the violations occurred." *Huet*, 665 F.3d at

595 (citing *Urban*, 404 F.3d at 771); *see also United States v. Stock*, 728 F.3d 287, 292 (3d Cir. 2013).

In this Court's estimation, the challenged Indictment satisfies all of these requirements because it: (1) informs Defendant that he is charged with violating 18 U.S.C. § 875(c); (2) sufficiently sets forth the elements of the charge of transmitting a threat in interstate commerce; and (3) specifies the time frame of the alleged criminal conduct, i.e., August 2, 2019. (Docket No. 1). Further, the Indictment identifies the nature of each threat and the means used to transmit the same, i.e., via telephone call or text message communications. (*Id.*).  Courts have recognized that "[t]elephones and cellular telephones are instrumentalities of interstate commerce," *United States v. Evans*, 476 F.3d 1176, 1180 (11th Cir. 2007), and that under its broad Commerce Clause authority, "Congress is empowered to regulate and protect the instrumentalities of interstate commerce… even though the threat may come only from intrastate activities." *United States v. Lopez,* 514 U.S. 549, 558 (1995) (internal citations omitted); *see also Evans,* 476 F.3d at 1180-81 ("[defendant's] use of these instrumentalities of interstate commerce alone, even without evidence that the calls he made were routed through an interstate system, is sufficient to satisfy [the applicable] interstate commerce element.").

Additionally, Defendant fails to cite any case, from within the Third Circuit or elsewhere, which stands for the proposition that heightened pleading requirements apply to the interstate commerce element of Section 875(c). To the contrary, other courts to consider this issue have held indictments to be sufficient where they merely track the statutory language of Section 875(c) and provide the approximate time and place of the threats. *See, e.g., United States v. Nissen*, 432 F. Supp. 3d 1298, 1319 (D.N.M. 2020); *see, also, United States v. Veliz,* 2004 WL 964005, at *1 (S.D.N.Y. May 5, 2004).  The same is true here.

All told, the Court holds that the facts pled in the Indictment are more than sufficient to apprise Defendant of the nature of the charged offenses and enable him to prepare his defense and raise double jeopardy in the event of a subsequent prosecution.. *See Gillette*, 738 F.3d at 74. Since the Indictment is valid on its face, it "is enough to call for trial of the charge on the merits." *Huet*, 665 F.3d at 595 (quotations omitted). Accordingly, Defendant's motion to dismiss is denied to the extent he contends that the Indictment lacks specificity.

V. CONCLUSION

Based on the foregoing, Defendant's Motion to Dismiss the Indictment [48] is denied. An appropriate Order follows.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Date:   June 4, 2021

cc/ecf: All counsel of record.