## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 20-118 |
| | ) | Senior Judge Nora Barry Fischer |
| WILLIAM JACKSON, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

### I.    INTRODUCTION

Presently before the Court is Defendant William Jackson's Motion for Revocation or Amendment of Detention Order, wherein he seeks release from custody pending sentencing in this matter. (Docket No. 134). The Government filed a Response opposing Defendant's request. (Docket No. 152). After careful consideration of the parties' arguments, and for the following reasons, Defendant's Motion is DENIED.

### II.    BACKGROUND

Defendant was charged by Indictment on June 9, 2020 with three counts of transmitting a threat in interstate commerce, each in violation of 18 U.S.C. § 875(c). (Docket No. 1). He initially waived his right to a detention hearing on July 24, 2020 and was ordered detained pending trial. (Docket No. 30). On January 13, 2022, following the resolution of charges he faced in state court,[1] Defendant filed a Motion for Release from Custody Pending Sentencing in this matter. (Docket No. 118). The Government opposed his motion. (Docket No. 122). On January 24, 2022, Defendant pled guilty to one count of transmitting a threat in interstate commerce at Count 2 of the Indictment, i.e., he admitted that he made a telephone call to an individual and threatened to

---

[1]    The Court notes that Defendant pled guilty to burglary at CP-02-CR-3753-2020 and was sentenced to 5 years of probation, including 1 year of electronic monitoring.

kill that individual's children. (Docket No. 124, Exhibit A, ¶ A.1). At the conclusion of the change of plea hearing, this Court referred Defendant's motion for release to Magistrate Judge Lisa Pupo Lenihan to be decided following a detention hearing. (Docket Nos. 123; 131). A detention hearing was held on January 31, 2022, and Defendant's motion was denied based on Judge Lenihan's findings that: Defendant is subject to mandatory detention under 18 U.S.C. §3143(a)(2); "exceptional circumstances" justifying Defendant's release do not exist pursuant to 18 U.S.C. §3145(c); and, Defendant poses a threat of danger to the community. (Docket No. 133).

The instant Motion for Revocation or Amendment of Detention Order followed on February 8, 2022. (Docket No. 134). In support thereof, Defendant makes several arguments supporting his claim that exceptional circumstances justify his release, including: the length of his pretrial incarceration on his federal detainer; the allegedly harsh conditions of his pretrial incarceration at the Allegheny County Jail ("ACJ"), including perceived substandard medical, dental, and mental health care; his diagnosis of COVID-19 while incarcerated at the ACJ and the effects therefrom; his desire to obtain addiction and/or mental health treatment which was unavailable to him at that time due to his housing placement while at the ACJ[2]; and, his mother's declining health and need for care and assistance from Defendant. (*Id.*). In its Response, the Government reiterates its position that Defendant's detention pending sentencing is mandatory pursuant to 18 U.S.C. § 3143(a)(2), that Defendant remains a threat to the community, and that there are no exceptional circumstances which warrant his release under § 3145(c).  (Docket No. 152).

---

[2]      Defendant has been transferred to the Butler County Prison since the instant motion was filed. It is unclear what treatment options are available to him in his present placement.

After considering the parties' respective positions set forth in the briefing, and a review of the record,[3] and for the reasons that follow, Defendant's release is not warranted under any provision of the Bail Reform Act.

## III.   DISCUSSION

Defendant's detention pending sentencing is mandated by 18 U.S.C. § 3143(a)(2), which provides that a defendant who has been convicted of a "crime of violence" must be detained pending imposition or execution of sentence unless the judicial officer finds: (1) "a substantial likelihood that a motion for acquittal or new trial will be granted," or that government counsel recommends that no sentence of imprisonment be imposed; and (2) "by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2). Defendant plainly does not qualify for release pending sentencing under § 3143(a)(2) because the offense to which he pled guilty is a crime of violence[4], there is not a substantial likelihood that a motion for new trial or judgment of acquittal will be granted, and the Government is recommending that he be sentenced to a term of imprisonment.

Notwithstanding the required detention contemplated by § 3143(a)(2), Defendant contends that he is eligible for release under 18 U.S.C. § 3145(c), which provides that "[a] person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released […] if it is clearly shown that there

---

[3]     A transcript of the detention hearing before Judge Lenihan has been filed of record, (Docket No. 149), and has been reviewed in its entirety by this Court.

[4]     A "crime of violence" is defined in 18 U.S.C. §3156(a)(4)(A) to include "an offense that has as an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another." Courts to consider the issue have universally held that the crime of transmitting a threat in interstate commerce under 18 U.S.C. § 875(c) is a crime of violence. *See, e.g.*, *United States v. Santoro*, 359 F. Supp. 3d 122, 128 (D. Me. 2019); *cf. United States v. Christy*, 2020 WL 2794617, at *3 n.5 (M.D. Pa. May 29, 2020).

are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c). Thus, in order to obtain relief pursuant to § 3145(c), Defendant must clearly show: (1) the existence of exceptional circumstances; and (2) that he is "not likely to flee or pose a danger to the safety of any other person or the community if released" under § 3143(a)(1).  After reviewing the evidence in the record, the Court is of the opinion that Defendant has failed to demonstrate his entitlement to relief under either prong.

> **A. Defendant has not provided clear and convincing evidence showing that exceptional reasons justify his release.**

District Courts have "the discretionary authority to apply 18 U.S.C. § 3145(c) and determine whether exceptional reasons exist to release Defendant from custody pending sentencing."  *United States v. Porter*, 2020 WL 1061512, at *3 (W.D. Pa. 2020) (Fischer, J.).  In this context, "exceptional requires something out of the ordinary to distinguish the defendant's case from those of [other defendants] subject to mandatory detention." *Id*. (quoting *United States v. Smith*, 34 F. Supp. 3d 541, 553 (W.D. Pa. 2014)) (further quotation and citation omitted).  "Most courts have defined exceptional under § 3145(c) as clearly out of the ordinary, uncommon, or rare." *Id*. (citations omitted).

Here, the Court does not believe that Defendant's complaints about allegedly substandard medical, dental, substance abuse, and mental health treatment he has received during his incarceration give rise to exceptional circumstances justifying his release. Indeed, Courts have generally rejected such claims. *See, e.g.*, *United States v. Wages*, 271 F. App'x. 726 (10th Cir. 2008) (unpublished) (denying release for a defendant with limited hearing and who required a wheelchair, noting that "it is a rare case in which health conditions present an 'exceptional reason.'"); *United States v. Rausch*, 746 F. Supp. 2d 1192, 1202 (D. Colo. 2010) (denying release but recommending a furlough for a defendant who needed a kidney transplant); *United States v.*

4

*Mellies*, 496 F. Supp. 2d 930, 936 (M.D. Tenn. 2007) (declining to find exceptional circumstances based on the defendant's need for extensive dental care). Likewise, the ongoing COVID-19 pandemic and the fact that Defendant contracted COVID-19 while incarcerated do not support his request for release because he declined to be vaccinated and has since recovered after experiencing mild symptoms. *See e.g.*, *United States v. Stevenson*, 2020 WL 3104943, (W.D. Pa. Apr. 22, 2020) (holding that COVID-19 pandemic and impact on prisoners did not show exceptional circumstances); *United States v. Solomon*, 2022 WL 357229, at *2 (W.D. Pa. Feb. 7, 2022) (holding that "Defendant's medical records reveal that she recently recovered from a COVID-19 diagnosis, thus giving her the benefit of natural immunity" and that her declining to be vaccinated subverted her compassionate release motion).

Courts have also held that a defendant's desire to obtain treatment for substance abuse or mental health issues does not amount to exceptional reasons for release. *United States v. Brown*, 368 F.3d 992, 993 (8th Cir. 2004) ("defendant's participation in a treatment program is not an extraordinary reason" for release); *United States v. Rodella*, 101 F. Supp. 3d 1075, 1133-34 (D.N.M. 2015) ("The psychological effect of incarceration cannot constitute exceptional circumstances if it is experienced across the general prison population."). In this Court's opinion, Defendant's broad complaints about his lack of sufficient medical care and treatment are insufficient to show exceptional circumstances justifying his release from custody pending sentencing. Further, Defendant's complaints about the ACJ have been mitigated because he was recently transferred from the ACJ to the Butler County Prison and the Court has notified the United

States Marshal Service of his issues regarding his incarceration, including that he has not always received his prescribed medications.[5]

Similarly, the Court is not convinced that Defendant's desire to care for his mother necessitates his release. Courts to consider this issue have declined to find exceptional reasons under § 3145(c) where an infirm parent or other family member has other caregivers available. *See Wages*, 271 F. App'x at 727 (Defendant denied release to care for his mother, who was deaf and had limited vision.); *Rodella*, 101 F. Supp. 3d at 1137 (denying release where defendant's wife and/or siblings could care for his mother during his incarceration); *see also United States v. Mahabir*, 858 F. Supp. 504, 508 (D. Md. 1994) ("A defendant's incarceration regularly creates difficulties for him and his family. Courts have found that such purely personal considerations do not constitute exceptional reasons within the meaning of Section 3145(c)."). The record demonstrates that Defendant's mother suffers from a number of serious medical conditions and is in need of care. (Docket No. 134 at ¶ 18). However, other family members, including Defendant's sister and his girlfriend are providing her with the care she needs while Defendant is incarcerated. (Docket No. 149 at 54-55). Thus, Defendant's family considerations also do not constitute an exceptional reason for his release.[6]

Next, Defendant fails to persuade the Court that the length of his pretrial incarceration justifies his release. Defendant was in state custody at the time that the Indictment in this case was filed, and a federal detainer was lodged against him on June 9, 2020. (Docket No. 134 at ¶ 14). He

---

[5]     Counsel and the Court have been provided with a list of Defendant's medications at the ACJ. The same shows that Defendant has regularly received all of his prescribed medications, with very few exceptions.

[6]     The Court has repeatedly informed Defendant that he was welcome to have his counsel provide the Zoom link for his virtual proceedings to his mother, so that they could continue to see one another and stay in touch. However, she has not been in attendance to date.

has remained in state custody until he was brought into federal custody via the federal detainer on January 13, 2022.  With respect to his sentencing exposure in this case, Defendant admits that the outcome of the pending sentencing enhancement dispute will result in a best-case scenario under the sentencing guidelines of 37-46 months' incarceration, while his worst-case scenario is the statutory maximum penalty of 60 months. (*Id.* at n.5).  Given same, Defendant has not proven that his period of pretrial incarceration of approximately 18 months, most of which was served in state custody, exceeds his expected sentence of incarceration in this federal case. *See United States v. Sommerville*, Crim. No. 17-222, Docket No. 293 (W.D. Pa. June 1, 2021) (Fischer, J.) (granting pretrial release where the defendant spent 52 and ½ months in pretrial custody and would have at least a "plausible argument" for a time served sentence, if convicted). Further, Defendant himself is responsible for much of the pretrial delay in this case, considering his multiple requests for new counsel, his continued *pro se* motions, *ex parte* communications with the Court, and his repeated dilatory conduct in walking out of, or otherwise refusing to participate in, scheduled proceedings. All told, the Court declines to find that exceptional reasons exist which justify Defendant's release pending sentencing.

### B.  The Defendant has not provided clear and convincing evidence that he is not a danger to the victim or the community.

In addition to showing the existence of exceptional reasons which justify release, Defendant also bears the burden of proving that he meets the requirements of 18 U.S.C. § 3143(a)(1), including that he is neither a flight risk nor a danger to the community. In this Court's estimation, despite Defendant's conclusory assertion that he is not a danger to the community, (Docket No. 134 at ¶ 19), the record in this case shows otherwise.

Section 3143(a)(1) "'creates a presumption in favor of detention pending sentencing,' which a defendant can rebut only if she meets her high burden of proving by clear and convincing

evidence that she is not a flight risk or a danger to the community." *See Smith*, 34 F. Supp. 3d at 544 (citations omitted). Defendant pled guilty to extremely serious criminal conduct, as described in the offense conduct section of the Presentence Investigation Report ("PIR") in this case, (*See* Docket No. 147, ¶¶ 6-56), stated on the record at the change of plea hearing, and further demonstrated during the hearing on the disputed sentencing enhancement. (*See* Docket Nos. 153-156). In short, following a face-to-face confrontation with an ex-girlfriend who had an active Protection From Abuse Order ("PFA") against him, wherein he took the glasses from her face and threw them to the ground, Defendant proceeded to call and text her and threatened violence against her, her children (who were also protected by the PFA), and her parents. (*See* Docket Nos. 147, 153-156). Defendant also showed up at the victim's home that night and damaged her property. (*Id.*).

In addition to this conduct, Defendant's extensive criminal history, as summarized in the PIR, shows his propensity to engage in unlawful activity that poses a danger to the community, including prior convictions for assault, stalking, harassment, drug dealing, burglary, and retaliation against witnesses and/or victims. (*See id.*, ¶¶ 71-102). Defendant maintains that the risk of danger to the community is lessened by the probationary sentence imposed in state court by Judge Lazzara which includes electronic monitoring for at least 12 months along with mental health and substance abuse counseling and treatment, and states that he would agree with any conditions imposed by this Court.  Yet, the record shows that past periods of incarceration, court supervision, PFA orders, as well as substance abuse/and or mental health treatment have not been sufficient to prevent Defendant from continuing to commit crimes. Moreover, Defendant committed the instant crime while under supervision. Ultimately, Defendant's conduct in this case and his criminal history make clear that he poses a danger to the safety of the community.

8

All told, after careful consideration of the parties' arguments in light of the record as a whole, the Court agrees with Judge Lenihan and concludes that Defendant does not meet the requirements of 18 U.S.C. § 3145(c) for release pending sentencing.

## IV.    CONCLUSION

For all of these reasons,

IT IS HEREBY ORDERED that Defendant's Motion for Revocation or Amendment of Detention Order [134] is DENIED.

_s/Nora Barry Fischer_
Nora Barry Fischer
Senior United States District Judge

Dated: March 10, 2022

cc/ecf: All counsel of record